J. WESLEY ROBINSON, #6321
MARGARET D. PLANE, #9550
Salt Lake City Attorney's Office
451 South State Street, Suite 505A
P.O. Box 145478
Salt Lake City, Utah 84114-5478
Telephone: (801) 535-7788
Facsimile: (801) 535-7640
j.robinson@slcgov.com
margaret.plane@slcgov.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| TYSON POWERS, individually and as personal representative of the estate of ALLEN KEITH NELSON, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID CAMPBELL, SLC Police Officer; AUSTIN GOLD, SLC Police Officer; SALT LAKE CITY, a Municipality; JOHN and/or JANE DOE POLICE SUPERVISORS 1-10, Salt Lake City Police Department Supervisors,<br><br>Defendants. | **DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND JURY DEMAND**<br><br><br>Civil No. 2:12-cv-851 BCW<br><br>Magistrate Judge Brooke C. Wells |

Salt Lake City Corporation ("the City"), Officer David Campbell, and Officer Austin Gold (collectively the Defendants), by and through their counsel of record, hereby file this Answer to the allegations in the Amended Complaint and Jury Demand filed by Plaintiff in this matter.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

In so far as the allegations in the Amended Complaint are made against the individual Defendants named in their individual capacities, Defendants expressly deny all allegations against them. Individual capacity Defendants each acted at all times within the course and scope of their employment and under color of law. Because the individually named Defendants did not act outside of their official capacities, all allegations against them are denied. This denial applies throughout this Answer to every allegation about the individual capacity defendants.

## THIRD DEFENSE

As to each numbered paragraph in Plaintiff's First Amended Complaint, Defendants answer as follows:

## PRELIMINARY STATEMENT

The Preliminary Statement is not a statement of fact and no response to the Preliminary Statement is necessary. Further, many of the statements in the Preliminary Statement are legal conclusions to which no response is necessary. To the extent a response is necessary the Defendants deny acting unconstitutionally or otherwise improperly or illegally. To the extent there are any remaining factual allegations in the Preliminary Statement, Defendants deny the same.

## JURISDICTION AND VENUE

1.   Admit the nature of Plaintiff's allegations, but expressly deny any allegations of violation and/or deprivation of any of Plaintiff's constitutional rights.

2. Admit this Court has jurisdiction over Plaintiff's allegations, but denies Plaintiff is entitled to any relief.

3. Admit venue is proper, but expressly deny all allegations of unlawful conduct.

4. Admit Plaintiff is seeking damages but deny Plaintiff is entitled to any relief.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

6. Admit this Court has jurisdiction over Plaintiff's allegations, but deny Plaintiff is entitled to any relief.

**PARTIES**

7. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 7, and therefore deny the same.

8. The City admits it is a political subdivision of the State of Utah and that the Salt Lake City Police Department is an entity of Salt Lake City Corporation. Defendants admit the allegations in the second, third and fourth sentences of paragraph 8. Defendants deny the allegations in the last sentence of paragraph 8.

9. Admit the allegations in paragraph 9.

10. Admit the allegations in paragraph 10.

11. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 11 of the Complaint, and therefore deny the same.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

## FACTUAL ALLEGATIONS

13. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 13, and therefore deny the same.

14. Admit that on June 9, 2012 Officer Campbell was dispatched to the area of 250 East 700 South on an unknown problem.

15. Admit the allegations in paragraph 15.

16. Admit the allegations in paragraph 16.

17. Admit the allegations in paragraph 17.

18. Admit the allegations in paragraph 18.

19. Admit the allegations in paragraph 19.

20. Deny the allegations in paragraph 20.

21. Admit the allegations in paragraph 21.

22. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 22, and therefore deny the same.

23. Deny the allegations in paragraph 23.

24. Deny the allegations in paragraph 24.

25. Deny the allegations in paragraph 25.

26. Admit that Officer Campbell asked Mr. Nelson to sit on the curb, deny remaining allegations in paragraph 26.

27. Admit that Nelson sat on the curb initially but deny that Mr. Nelson stayed on the curb.

28. Admit the allegations in paragraph 28.

29. Admit that at some point Mr. Nelson "lay face down on the ground" but deny the remaining allegations in paragraph 29.

30. Admit that Officer Campbell handcuffed Mr. Nelson.

31. Admit the allegations in paragraph 31.

32. Admit the allegations in paragraph 32.

33. Admit the allegations in paragraph 33.

34. Admit the allegations in paragraph 34.

35. Admit the allegations in paragraph 35.

36. Admit that Mr. Nelson became agitated at some point.

37. Admit that Officer Gold exited his vehicle and approached Officer Campbell and Mr. Nelson. Admit that Mr. Nelson started yelling words the same as or similar to those alleged in paragraph 37, but deny the specifics of what Mr. Nelson said for lack of knowledge.

38. Admit that Officer Gold restrained Mr. Nelson by placing his knee on Mr. Nelson's shoulder, deny the remaining allegations in paragraph 38.

39. Deny the allegations in paragraph 39.

40. Admit that Mr. Nelson was yelling words the same as or similar to those alleged in paragraph 40, but deny the specifics of what Mr. Nelson said for lack of knowledge.

41. Admit that Officer Campbell decided to place Mr. Nelson in the back of his police vehicle.

42. Admit that Mr. Nelson did not cooperate with the officers' attempt to move him into the car.

43. Admit the allegations in paragraph 43.

44. Admit the allegations in paragraph 44.

45. Deny the allegations in paragraph 45 as statements of opinion and/or legal conclusion, not fact.

46. Admit the allegations in paragraph 46.

47. Admit the allegations in paragraph 47.

48. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 48, and therefore deny the same.

49. Admit the allegations in paragraph 49.

50. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 50, and therefore deny the same.

51. Admit that Mr. Nelson was on his stomach but deny the remaining allegations in paragraph 51.

52. Admit that Officer Campbell retrieved hobbles but deny the remaining allegations in paragraph 52.

53. Admit the allegations in paragraph 53.

54. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 54, and therefore deny the same.

55. Deny the allegations in paragraph 55.

56. Deny the allegations in paragraph 56.

57. Admit that the officers were trained on positional asphyxia.

58. Admit the allegations in paragraph 58.

59. Admit the allegations in paragraph 59.

60. Admit the allegations in paragraph 60.

61. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 61, and therefore deny the same.

62. Deny the allegations in paragraph 62.

63. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 63, and therefore deny the same.

64. Deny the allegations in paragraph 64.

65. Deny the allegations in paragraph 65.

66. Deny the allegations in paragraph 66.

67. Admit the allegations in paragraph 67.

68. Admit the allegations in paragraph 68.

69. Admit the allegations in paragraph 69.

70. Deny the allegations in paragraph 70.

71. Deny the allegations in paragraph 71.

72. Deny the allegations in paragraph 72.

73. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 73, and therefore deny the same.

74. Deny the allegations in paragraph 74.

75. Deny the allegations in paragraph 75.

76. Paragraph 76 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

77. Admit the officers did not "hogtie" Mr. Nelson, and that Mr. Nelson was in a prone position while they were attempting to restrain him. Deny the remaining allegations in paragraph 77.

78. Deny the allegations in paragraph 78.

79. Deny the allegations in paragraph 79.

80. Admit that Mr. Nelson went limp but deny the remaining allegations in paragraph 80.

81. Admit that at some point during the encounter Mr. Nelson reportedly made the statement alleged in paragraph 81.

82. Admit that the officers sat Mr. Nelson up against a police car and that they checked for breathing.

83. Deny the allegations in paragraph 83.

84. Admit the allegations in paragraph 84.

85. Admit that officers did not perform CPR on Mr. Nelson.

86. Admit the allegations in paragraph 86.

87. Admit the allegations in paragraph 87.

88. The Medical Examiner's "formal death certificate" speaks for itself and therefore no response is required to the allegations in paragraph 88. To the extent a response is required, Defendants deny the same.

89. The Medical Examiner's "autopsy worksheet" speaks for itself and therefore no response is required to the allegations in paragraph 89. To the extent a response is required, Defendants deny the same.

90. Defendants deny the allegations in paragraph 90 as statements of legal conclusion, not fact. Defendants expressly deny violating Mr. Nelson's constitutional rights.

91. Admit the allegations in paragraph 91.

92. Admit the allegations in paragraph 92.

93. Admit the allegations in paragraph 93.

94. Admit the allegations in paragraph 94.

95. Admit the allegations in paragraph 95.

96. Deny the allegations in paragraph 96.

97. Admit that Mr. Nelson was in custody, but deny the remaining allegations in paragraph 97 as statements of legal conclusion, not fact. To the extent a response is required, Defendants deny the same.

98. Deny the allegations in paragraph 98 as statements of legal conclusion, not fact. To the extent a response is required, Defendants deny the same. To the extent paragraph 98 contains any factual allegations, they are denied.

99. Deny the allegations in paragraph 99.

100. Deny the allegations in paragraph 100.

101. Deny the allegations in paragraph 101, including all subparts thereof.

102. Deny the allegations in paragraph 102.

# FIRST CAUSE OF ACTION

## EXCESSIVE FORCE IN VIOLATION OF FOURTH AMENDMENT

### Against Officers Campbell and Gold
### In Their Individual and Official Capacity

### ~ Cognizable Under 42 U.S.C. § 1983 ~

103. Defendants reassert their answers to paragraphs 1-102 of the Amended Complaint.

104. Deny the allegations in paragraph 104.

105. Deny the allegations in paragraph 105.

106. Deny the allegations in paragraph 106 as statements of legal conclusion, not fact. To the extent a response is required, Defendants deny the same.

107. Admit that Campbell and Gold did not hogtie Mr. Nelson. Deny the remaining allegations in paragraph 107.

108. Admit that Campbell and Gold were trained on the risk of positional asphyxiation in certain circumstances, but deny that those circumstances apply in this case.

109. Admit that Campbell and Gold were trained on the risk of positional asphyxiation in certain circumstances, but deny that those circumstances apply in this case.

110. Admit that Campbell and Gold were trained on the risk of positional asphyxiation, deny the remaining allegations in paragraph 110.

111. Deny the allegations in paragraph 111.

112. Deny the allegations in paragraph 113.

113. Deny the allegations in paragraph 114.

114. Deny the allegations in paragraph 115 as statements of legal conclusion, not fact.

115. Deny the allegations in paragraph 116.

116. Deny the allegations in paragraph 117.

117. Deny the allegations in paragraph 118.

118. Deny the allegations in paragraph 119.

119. Deny the allegations in paragraph 120.

120. Deny the allegations in paragraph 121.

## SECOND CAUSE OF ACTION

### DEPRIVATION OF LIFE AND LIBERTY WITHOUT DUE PROCESS, IN VIOLATION OF THE FOURTH, EIGHTH AND/OR FOURTEENTH AMENDMENTS

**Against All Defendants in Their Individual and Official Capacity**

**~ Cognizable Under 42 U.S.C. § 1983 ~**

121. Defendants reassert their answers to paragraphs 1-121 of the Amended Complaint.

122. Deny the allegations in paragraph 123.

123. Deny the allegations in paragraph 124.

124. Deny the allegations in paragraph 125.

125. Deny the allegations in paragraph 126.

## THIRD CASE OF ACTION

### UNLAWFUL POLICIES AND/OR PROCEDURES

**Against Salt Lake City and/or the Doe Supervisors
In Their Official Capacity**

**~ Cognizable Under 42 U.S.C. § 1983 ~**

126. Defendants reassert their answers to paragraphs 1-126 of the Amended Complaint.

127. Deny the allegations in paragraph 128.

128. Deny the allegations in paragraph 129 as statements of legal conclusion, not fact.

129. Deny the allegations in paragraph 130 as statements of legal conclusion, not fact.

130. Deny the allegations in paragraph 131.

131. Deny the allegations in paragraph 132.

132. Deny the allegations in paragraph 133.

133. Deny the allegations in paragraph 134.

134. Deny the allegations in paragraph 135.

135. Deny the allegations in paragraph 136.

## FOURTH CAUSE OF ACTION

### FAILURE TO TRAIN AND/OR SUPERVISE

**Against Salt Lake City and/or the Doe Supervisors
In Their Official Capacity**

**~ Cognizable Under 42 U.S.C. § 1983 ~**

136. Defendants reassert their answers to paragraphs 1-136 of the Amended Complaint.

137. Deny the allegations in paragraph 138.

138. Deny the allegations in paragraph 139 as statements of legal conclusion, not fact.

139. Deny the allegations in paragraph 140 as statements of legal conclusion, not fact.

140. Deny the allegations in paragraph 141.

141. Deny the allegations in paragraph 142 as statements of legal conclusion, not fact.

142. Deny the allegations in paragraph 143.

143. Deny the allegations in paragraph 144.

144. Deny the allegations in paragraph 145.

145. Deny the allegations in paragraph 146.

146. Deny the allegations in paragraph 147.

147. Deny the allegations in paragraph 148.

148. Deny the allegations in paragraph 149.

## **FIFTH CAUSE OF ACTION**

**VIOLATION OF STATE CIVIL RIGHTS
BROUGHT PURSUANT TO THE COURT'S SUPPLEMENTAL
JURISDICTION UNDER 28 U.S.C.A. 1367(a)**

**Against All Defendants**

149. Defendants reassert their answers to paragraphs 1-149 of the Amended Complaint.

150. Admit that Campbell and Gold were acting under color of state law during the events on June 9, 2012, but deny that the events were as described in the Amended Complaint.

151. Deny the allegations in paragraph 152.

152. Deny the allegations in paragraph 153 as statements of legal conclusion, not fact.

153. Deny the allegations in paragraph 154.

154. Deny the allegations in paragraph 155.

155. Defendants deny any allegation not specifically admitted herein.

## REQUEST FOR RELIEF

WHEREFORE, Defendants deny that Plaintiff is entitled to any of the relief sought in the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

To the extent that any of Plaintiff's claims are based on Utah law, those claims or causes of action may be barred and/or limited in whole or in part by the provisions of the Governmental Immunity Act of Utah, § 63G-7-101, *et seq.*

## SECOND AFFIRMATIVE DEFENSE

No violation of Plaintiff's constitutional rights occurred as a result of the allegations complained of.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's injuries and/or damages, if any, were caused solely as a result of Mr. Nelson's own negligence and/or illegal conduct.

## FOURTH AFFIRMATIVE DEFENSE

No act, omission, or other conduct of the Defendants was the proximate cause of Plaintiff's and/or Mr. Nelson's injuries or damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages against the City.

### SIXTH AFFIRMATIVE DEFENSE

The City has no policy, practice or custom condoning or enabling the violation of any person's civil rights, and therefore cannot be held liable for the actions of its employees by virtue of a *respondeat superior* cause of action.

### SEVENTH AFFIRMATIVE DEFENSE

No policy, practice or custom of the City resulted in the violation of any rights of any kind to which Plaintiff and/or Mr. Nelson are entitled. Furthermore, Plaintiff's and/or Mr. Nelson's damages, if any, were not caused by any policy, custom or practice of the City.

### EIGHTH AFFIRMATIVE DEFENSE

Officers Campbell and Gold assert that all of their actions were taken in good faith and without malice. At all times, their actions were justified and reasonable under the circumstances, and in accordance with statutory and constitutional mandates as reasonably understood by them at the time of the alleged actions/omissions, and they are therefore entitled to qualified immunity.

### NINTH AFFIRMATIVE DEFENSE

Defendants assert that there may be other defenses which are unknown at this time but which may arise as discovery proceeds in this litigation, and therefore they reserve the right to assert such defenses in the future.

WHEREFORE, Defendants pray that Plaintiff's Amended Complaint be dismissed, that he take nothing thereby, that the Defendants recover their costs incurred in defending this action and for such other and further relief as this Court shall deem proper.

DATED this 13th day of May, 2013.

/s/    J. WESLEY ROBINSON
J. WESLEY ROBINSON
Senior City Attorney
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of May, 2013, he filed the foregoing **SALT LAKE CITY CORPORATION'S ANSWER TO AMENDED COMPLAINT AND JURY DEMAND** with the Clerk of the Court using the CM/ECF system, which sent notice electronically to:

Robert B. Sykes
bob@sykesinjurylaw.com
*Attorney for Plaintiff*

Alyson E. Carter
Alyson@sykesinjurylaw.com
*Attorney for Plaintiff*

Rachel L. Sykes
Rachel@sykesinjurylaw.com
*Attorney for Plaintiff*

/s/    J. WESLEY ROBINSON

HB # 28529